931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Wayne HEATH, Defendant-Appellant.
 No. 90-5705.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 18, 1991.
Decided April 25, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-108-WS)
 Daniel Smith Johnson, Wilson, Degraw, Johnson & Rutledge, WinstonSalem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael Francis Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Heath appeals his conviction, pursuant to a guilty plea, of eight drug and weapons violations. He was sentenced to five years on each of the two firearms charges and 21 months on the drug charges, which were grouped for sentencing.
 
 
 2
 Heath's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raised two issues on appeal. First, Heath contended that the district court did not properly inform him of the maximum possible sentence he could face. The district court informed him of the maximum sentence on each count to which Heath was pleading guilty, but did not inform him of the maximum possible aggregate sentence.
 
 
 3
 Heath also contends that the district court erred in imposing the two five-year drug sentences consecutively rather than concurrently.
 
 
 4
 Heath filed a supplementary informal brief in which he asserted that the district court did not inform him that the firearms charges would run consecutive to each other and to the sentence on the drug counts. He alleged that had he known that the counts were to be consecutive he would not have entered a guilty plea but would instead have opted for a jury trial. However, during the plea colloquy the following exchange took place:
 
 
 5
 THE COURT: ... Now these penalties could either be, except for the firearm charges, consecutive or concurrent. Your actual sentence would be determined under the guidelines, but you would receive under these two firearm counts consecutive sentences of five years each for a total of ten years, and that would run consecutively to any sentences that you might receive on any of the other counts to which you have pled. Are you aware of that, Mr. Heath?
 
 
 6
 DEFENDANT HEATH: Yes, sir, Your Honor.
 
 
 7
 (Vol. II, Tr. 11.) Heath also reiterated the contentions made by his attorney in the Anders brief.
 
 
 8
 Heath's contentions on appeal are without merit. First, there is no support in the record for Heath's assertion that the district court did not advise him of the maximum possible sentence. The district court specifically advised Heath that he would receive five years on each of the firearms charges, for a total of 10 years. The court also told Heath that the sentence for the drug charges would be calculated under the guidelines, but that he could receive up to 20 years on each of the six counts. Although the court did not specifically state the aggregate possible sentence, the court's statements during the colloquy were sufficient to inform Heath of the "maximum possible penalty provided by law," as required by Fed.R.Crim.P. 11(c)(1). Finally, the court told Heath that the firearms sentences would be consecutive to each other and consecutive to the sentence on the drug counts. Therefore, none of Heath's contentions in this regard have any merit.
 
 
 9
 Heath also claimed that the court erred in imposing the firearms sentences consecutively rather than concurrently. However, under 18 U.S.C. Sec. 924(c)(1), no sentence imposed under that section may be imposed concurrently with any other sentence, including sentences for related drug offenses. Therefore, the district court did not err in imposing consecutive sentences.
 
 
 10
 We have reviewed the entire record and find no other potentially meritorious issues. Therefore, we affirm Heath's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 11
 AFFIRMED.